# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MANUEL L. BURNLEY,<br><br>                Plaintiff,<br><br>and<br><br>STATE OF WISCONSIN DEPARTMENT OF JUSTICE CRIME VICTIM COMPENSATION PROGRAM, STATE OF WISCONSIN DEPARTMENT OF HEALTH SERVICES, and UNITED HEALTHCARE OF WISCONSIN,<br><br>                Involuntary Plaintiffs,<br>v.<br><br>VILLAGE OF BROWN DEER and DEVON M. KRAEMER,<br><br>                Defendants. | Case No. 19-CV-364-JPS<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**ORDER** |

      Manuel L. Burnley ("Burnley") filed this civil rights case in March 2019 alleging that Devon M. Kraemer ("Kraemer"), an officer of the Brown Deer Police Department ("BDPD"), used excessive force when she shot him while attempting to place him under arrest on March 14, 2016. (Docket #1 at 12). Burnley also alleged claims against Kraemer for battery, negligence, and negligent infliction of severe emotional distress. *Id.* at 12–13. He named the Village of Brown Deer ("Brown Deer") as a defendant for purposes of indemnification. *Id.* at 14. On May 17, 2019, Burnley filed an amended complaint that added allegations but no new claims or parties. (Docket #19).

Then on October 21, 2019, fewer than two weeks before the November 1 dispositive motion deadline in this case, *see* (Docket #13), Burnley filed an expedited motion for leave to file a second amended complaint. (Docket #34). He explains that "[w]ithin the past few weeks" he deposed Kraemer and another BDPD officer involved in the March 2016 shooting incident, Michael Leeman ("Leeman"). *Id.* at 1. In those depositions, he says he learned that Kraemer and Leeman created false police reports, gave false testimony, and otherwise covered up for each other with regard to the shooting. *Id.* He also says he "confirmed" that the BDPD did not conduct any investigation into the shooting or discipline Kraemer or Leeman, and he learned that Brown Deer has a "police code of silence," whereby officers cover up for follow officers' misconduct. *Id.* Based on these facts, Burnley seeks to add a claim against Brown Deer pursuant to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978) for its unconstitutional policies, practices, and customs. *Id.*

The defendants oppose Burnley's motion for leave to amend. (Docket #37). Allowing the amendment so close to the summary judgment deadline would prejudice them, they argue, because they would not have sufficient time to conduct the discovery necessary to move for summary judgment on the new claim. *Id.* at 1. Burnley has not provided the defendants (or the Court) with the deposition testimony that allegedly supports the proposed *Monell* claim, so the defendants have no way of knowing if it has any merit. *Id.* at 2–3.

Federal Rule of Civil Procedure 15(a)(2) provides that after a party has amended his pleading once by right, he may amend his pleading again only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The terms of the rule, however, do not mandate that leave

be granted in every case." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

It is simply too late in the day for Burnley to amend his complaint once more. Under Federal Rule of Civil Procedure 1, the Court is to construe all of the rules in order to secure the "just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1; *see also Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992) ("The burden to the judicial system can justify a denial of a motion to amend 'even if the amendment would cause no hardship at all to the opposing party.'") (quoting *Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 908 (7th Cir. 1988)). Burnley waited until the eleventh hour to take the depositions of the officers involved in the shooting, including the defendant. The Court will not excuse Burnley's dilatory discovery practice by allowing him to add a new claim that would require, in order to avoid prejudice to the defendants, that the Court significantly disrupt its trial scheduling order. This Court is too overburdened to allow litigants to take advantage of its limited resources by unnecessarily prolonging litigation. As the Court warned in its trial scheduling order, "while every litigant is entitled to their day in court, they are not entitled to intrude upon someone else's day in court." (Docket #13 at 8).

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to file a second amended complaint (Docket #34) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge